**Billie J. SAUNDERS, individual and as Personal Representative of the Estate of James E. Saunders, deceased; James E. Saunders, deceased, Plaintiffs—Appellants,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 03–35157.

D.C. No. CV–01–05099–RHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2004.

Decided May 25, 2004.

Diehl Randall Rettig, Brian J. Iller, Rettig, Osborne, Forgette, O'Donnell, Iller & Adamson LLP, Kennewick, WA, for Plaintiffs–Appellants.

Robert A. Ellis, Office of the U.S. Attorney, Yakima, WA, for Defendant–Appellee.

Before HUG, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Billie Saunders, the widow of Washington State trooper James E. Saunders, appeals the district court's summary judgment ruling in favor of the United States dismissing her wrongful death action brought pursuant to the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review *de novo* the district court's summary judgment ruling. *See United States v. City of Tacoma, Wash.*, 332 F.3d 574, 578 (9th Cir.2003). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *See Suzuki Motor Corp. v. Consumers Union, Inc.*, 330 F.3d 1110, 1131 (9th Cir.2003). Summary judgment may be affirmed on any ground supported by the record. *See Solomon v. Interior Reg'l Housing Auth.*, 313 F.3d 1194, 1196 (9th Cir.2002). As to tort claims under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The determination of liability is based on the law of the state where the alleged acts or omissions occurred. 28 U.S.C. § 1346(b). Therefore, Washington law controls here.

I.

The district court correctly granted summary judgment to the United States on Saunders' wrongful death claim.

Assuming, without deciding, that 8 U.S.C. § 1226(c) imposed a mandatory duty on the Border Patrol to place an immigration hold on Nicolas Solorio Vasquez, Saunders' claim nonetheless fails because she cannot show that the claim fits within any exception to the public duty doctrine.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the background facts, we do not recite them in detail.

The public duty doctrine provides "that for one to recover from a municipal corporation in tort it must be shown that the duty breached was owed to the injured person as an individual and was not merely the breach of an obligation owed to the public in general (*i.e.,* a duty to all is a duty to no one)." *Bailey v. Town of Forks,* 108 Wash.2d 262, 737 P.2d 1257, 1259 (1987) (en banc) (citation omitted).

Saunders attempts to rely on two exceptions to the public duty doctrine. First, Saunders argues that the "legislative intent" exception is applicable. Under this exception, the public duty doctrine does not apply "when the terms of a legislative enactment evidence an intent to identify and protect a particular and circumscribed class of persons." *Id.* at 1260. Second, Saunders asserts that the failure to enforce exception applies. Under this exception, "where governmental agents responsible for enforcing statutory requirements possess actual knowledge of a statutory violation, fail to take corrective action despite a statutory duty to do so, and the plaintiff is within the class the statute intended to protect" the public duty doctrine is not a bar to recovery. *Id.*

Saunders does not qualify for either exception because there is no evidence that 8 U.S.C. § 1226(c) was intended to protect anything other than the public at large. Indeed, the relevant legislative history supports this conclusion. *See, e.g.,* S.Rep. No. 104–48, at 1 (1995) ("Criminal aliens are a serious and growing threat to public safety . . .").

Under both exceptions, Saunders must identify either a "particular and circumscribed class" (the legislative intent exception), or a "class the statute intended to protect" (the failure to enforce exception) that is narrower than the public at large. Saunders asserts that § 1226(c) was designed to protect "victims of criminal aliens." However, Saunders' proposed class must logically be "potential victims of criminal aliens" because there is no way, *ex ante,* to predict who in the United States will be a victim of a crime by a criminal alien.[2] Because any member of the public at large, without further narrowing, is theoretically a "potential" victim of criminal aliens, Saunders' argument is nothing more than an assertion that criminal aliens are a threat to "public safety." A threat to the public at large creates a duty owed to all, not individually to Saunders, and thus Saunders cannot take advantage of either exception to the public duty doctrine.

## II.

As the public duty doctrine bar is sufficient to uphold the district court's summary judgment ruling in favor of the United States, we do not address the district court's alternative rulings that Saunders could not show proximate cause as a matter of law, or that the discretionary exception to the FTCA does not apply in this instance.

AFFIRMED.

---

**2.** As Saunders' proposed class can only be potential victims of criminal aliens, her reliance on *Yonker v. State Dep't. of Soc. & Health Serv.,* 85 Wash.App. 71, 930 P.2d 958 (1997) and *Donaldson v. City of Seattle,* 65 Wash. App. 661, 831 P.2d 1098 (1992)—both of which involved actual victims who had already been brought to law enforcement's attention—is unavailing.